UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MAURICE JEFFRIES, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> -v.-<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>ATTORNEY GENERAL OF TEXAS- CHILD SUPPORT,<br>And John Does 1-25.<br><br>      Defendants. | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Maurice Jeffries ("Plaintiff"), a Texas resident, brings this Class Action Complaint by and through his attorneys, and as and for his Complaint against Equifax Information Services, LLC ("Equifax"), and the Attorney General of Texas- Child Support ("AG'), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

5. Plaintiff is a resident of the State of Texas, County of District of Harris, residing at 7900 Morley Street, Apt 4287, Houston, TX, 77061.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Texas, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 211 E 7th Street, Ste 620, Austin, TX, 78701.

8. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Attorney General of Texas- Child Support Division is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process at the Office of the Attorney General, 300 W. 15th Street, Austin, TX, 78701.

11. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of Texas;

    b. for whom the Attorney General of Texas- Child Support Division;

    c. reported inccorect late payments and balances;

    d. regarding child support payments;

    e. and continued to report this false information after a dispute was sent to the credit bureau Equifax;

    f. for which this false information was being reported on a consumer's credit report within five (5) years prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

3

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant Attorney General has been false lates and balances for consumers, as well as the Bureau's (Equifax) failure to recognize this and update it upon disputes being made by consumers.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' reporting of false late payments/balances, and failure to delete timely upon a dispute violate 15 U.S.C. § l692n and §1692o.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

> forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

### Equifax Dispute and Violation

21. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his child support payments.

22. The inaccurate information furnished by Defendant Attorney General and published by Defendant Equifax is inaccurate for multiple reasons, including uneven reporting of the account amongst the other Credit Bureaus with each bureau containing different balances and incorrect late payments notations, since he has not been late on these payments.

23. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

24. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around April 26, 2018 explaining in detail in his letter, that he has not been late, and the balance was incorrect.

25. It is believed and therefore averred that Defendant Equifax notified Defendant Attorney General of Plaintiff's dispute.

26. Upon receipt of the dispute of the account from the Plaintiff by Equifax, the Attorney General failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including multiple late payment notations.

27. Furthermore Attorney General failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

28. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

29. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

30. As of the date of the filing of the filing of this Complaint, Defendant Attorney General continues to furnish credit data which is inaccurate and materially misleading, and

Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

31. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

32. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

34. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

35. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

36. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

37. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

38. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

39. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Maurice Jeffries, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

41. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

42. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

43. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

44. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

45. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

46. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Maurice Jeffries, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Defendant Attorney General)**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

48. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

49. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

50. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

51. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

52. The Defendant Attorney General violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

53. Specifically the Defendant Attorney General continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the late payment notations, and the incorrect balance.

54. Additionally the Defendant Attorney General failed to mark the account as disputed after receiving the dispute letter.

55. As a result of the conduct, action and inaction of the Defendant Attorney General, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

56. The conduct, action and inaction of Defendant Attorney General was willful, rendering Defendant Attorney General liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

57. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Attorney General in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Maurice Jeffries, demands judgment in his favor against Defendant Attorney General for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Attorney General)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

60. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

61. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

62. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as the above named Defendant must report the results to other agencies which were supplied such information.

63. Defendant Attorney General is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

64. After receiving the Dispute Notice from Equifax, Defendant Attorney General negligently failed to conduct its reinvestigation in good faith.

65. A reasonable investigation would require a furnisher such as Defendant Attorney General to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

66. Additionally the Defendant Attorney General failed to mark the account as disputed after receiving the dispute letter.

67. The conduct, action and inaction of Defendant Attorney General was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

68. As a result of the conduct, action and inaction of the Defendant Attorney General, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

69. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Attorney General in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Maurice Jeffries demands judgment in her favor against Defendant Attorney General, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Maurice Jeffries, individually, and on behalf of all others similarly situated demands judgment from Defendants Attorney General- Child Support, and Equifax Information Services, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan Kandelshein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  October 11, 2018                           Respectfully Submitted,

**THE LAW OFFICES OF JONATHAN KANDELSHEIN**
/s/ Jonathan Kandelshein
Jonathan Kandelshein, Esq.
TX Bar No. 24094768
18208 Preston Rd, Ste D-9 #256
Dallas, TX 75252
Ph: (469) 677-7863
Fax: (469) 380-8118
Jonathan.kandelshein@gmail.com

Case 4:18-cv-03829   Document 1   Filed on 10/16/18 in TXSD   Page 16 of 16